UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRANDYN GAYLER,

                Plaintiff,

v.

STATE OF NEVADA, *et al.*,

                Defendants.

Case No. 2:17-cv-00431-JCM-VCF

ORDER

Presently before the court is the matter of *Gayler v. State of Nevada et al.*, case number 2:17-cv-00431-JCM-VCF.

On February 8, 2017, plaintiff Brandyn Gayler ("Gayler") brought this action against, *inter alia*, defendants Nevens, French, Norman, and Garcia. (ECF No. 1). After two screening orders (ECF Nos. 5, 8), the court instructed the clerk of the court to serve Gayler's first amended complaint on the Office of the Attorney General of the State of Nevada (the "OAG") so the OAG could accept service on behalf of the defendants it would represent in this matter. (ECF No. 8).

After a court ordered mediation session between Gayler and the OAG—on behalf of defendants Cox and Dzurenda—reached no settlement, the OAG entered acceptance of service on behalf of defendants Wilson, Cox, Hessler, Yeats, Williams, Jennifer, Nash, Barth, Howell, Dzurenda, and Estille (the "served defendants") in July 2019. (ECF Nos. 14, 15). The record shows no acceptance of service from

defendants Nevens, French, Norman, or Garcia.

Almost two years later, after the served defendants filed their motion for summary judgment (ECF No. 31), Gayler moved to extend the time to serve defendants Nevens, French, and Norman. (ECF No. 37). On February 23, 2021, the court denied Gayler's motion, finding that he failed to show good cause as to his failure to properly serve those defendants. (ECF No. 38). Gayler did not move for an extension of time to serve Garcia.

More than four years have passed since Gayler first brought this action against defendants, and more than two years have passed since the OAG accepted service on behalf of the properly served defendants. Yet, despite Gayler's failure to timely serve them, defendants Nevens, French, Norman, and Garcia remain as parties in this matter.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

Accordingly, this order serves as notice to Gayler that if he does not show good cause within thirty days of this order as to his failure to serve defendants Nevens, French, Norman, and Garcia, the court will dismiss his claims against those defendants, without prejudice.[1] FED. R. CIV. P. 4(m).

IT IS SO ORDERED.

DATED November 29, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Although Gayler has already had an opportunity to show good cause as to his failure to serve defendants Nevens, French, and Norman, the court allows him the opportunity to show good cause with knowledge of the risk of a Rule 4(m) dismissal.