UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDYN GAYLER,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:17-cv-00431-JCM-VCF<br><br>ORDER |

Presently before the court is the matter of *Gayler v. State of Nevada et al.*, case number 2:17-cv-00431-JCM-VCF.

**I.    Background**

On February 8, 2017, plaintiff Brandyn Gayler ("Gayler") brought this action against, *inter alia*, defendants Nevens, French, Norman, and Garcia.  (ECF No. 1). After two screening orders (ECF Nos. 5, 8), the court instructed the clerk of the court to serve Gayler's first amended complaint on the Office of the Attorney General of the State of Nevada (the "OAG") so the OAG could accept service on behalf of the defendants it would represent in this matter.  (ECF No. 8).

After a court ordered mediation session between Gayler and the OAG—on behalf of defendants Cox and Dzurenda—reached no settlement, the OAG entered acceptance of service on behalf of defendants Wilson, Cox, Hessler, Yeats, Williams, Jennifer, Nash, Barth, Howell, Dzurenda, and Estille (the "served defendants") in July

2019.  (ECF Nos. 14, 15).   The record shows no acceptance of service from defendants Nevens, French, Norman, or Garcia.

Almost two years later, after the served defendants filed their motion for summary judgment (ECF No. 31), Gayler moved to extend the time to serve defendants Nevens, French, and Norman.  (ECF No. 37).  On February 23, 2021, the court denied Gayler's motion, finding that he failed to show good cause as to his failure to properly serve those defendants.  (ECF No. 38).  Gayler did not move for an extension of time to serve Garcia.

On November 29, 2021, this court ordered Gayler to show cause as to why he failed to serve defendants Nevens, French, Norman, and Garcia.  (ECF No. 52).  The court now determines if Gayler's response (ECF No. 55) is sufficient to avoid dismissal of those parties.

**II.     Legal Standard**

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  FED. R. CIV. P. 4(m).

**III.    Discussion**

Gayler argues that "because all of the defendants named in this matter were employees of the Nevada Department of Corrections [("NDOC")], that the failure to serve Nevens, Norman, and French appears to be a[n] honest mistake [of] the U.S. Marshall to carry out service."  (ECF No. 55 at 2).  Gayler further argues that "the Attorney General made it appear through many conversatinos over the phone that she represented all of the named defendants."  (*Id.*).  Gayler finally argues that "the defendants never made a motion to dismiss, nor did the court ever notify [Gayler] after the 90 days [to serve] that notice was never perfected."  (*Id.*).

As to defendant Garcia, Gayler does not address his failure to serve.  Therefore, Garcia is dismissed from this matter.  FED. R. CIV. P. 4(m).

As to defendants French and Norman, the Office of the Attorney General ("OAG") specifically declined to accept service on their behalf (ECF Nos. 14, 15), and filed their last known addresses so that Gayler could serve them (ECF No. 16). Therefore, Gayler fails to show good cause as to why he failed to serve defendants French and Norman, and they are dismissed from this matter.  FED. R. CIV. P. 4(m).

As to defendant Nevens, Gayler appropriately raises the concern of why the OAG did not accept service on behalf of Nevens.  Gayler has provided this court with tangible evidence that Nevens was, during at least some of the time relevant to this matter, the warden of the High Desert State Prison ("HDSP").  While Nevens was dismissed from this matter by the court's first screening order (ECF No. 5), he was dismissed without prejudice.  When Gayler filed his first amended complaint, he included Nevens as a party.  (ECF No. 7).  Then, the court's second screening order (ECF No. 8) permitted Gayler to proceed with two claims against Nevens.

On April 19, 2019, the court ordered the OAG to advise the court and Gayler of "(a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal."  (ECF No. 13).

Thereafter, the OAG accepted service on behalf of the served defendants, but not Nevens, French, Norman, or Garcia.  While it specifically declined to accept service for French, Norman, and Garcia, it failed to accept or decline service for Nevens.  In fact, it failed to even acknowledge that a defendant named "Nevens" was included in the first amended complaint.

Further inspection shows that some confusion may have occurred between Gayler and the OAG because the warden of the HDSP was not "Dwight Nevens" but "Dwight Neven."  However, considering that Gayler's—a pro se inmate—misspelling was merely an "s" at the end of "Dwight Neven," he reasonably relied on the OAG and U.S. Marshal to take reasonable steps to serve his complaint on Neven.  This failure, taken alone, may have shown good cause for Gayler's failure to serve Neven.

However, in the same April 19, 2019, order, the court also ordered that "[i]f service cannot be accepted for any of the named defendant(s), [Gayler] shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s)." (ECF No. 13 at 3).

Though the OAG informed Gayler that it was not accepting service on behalf of French, Norman, and Garcia, Gayler never moved to identify those defendants or to request issuance of a summons. Thus, any "good cause" appearing from the OAG's failure to specifically decline service for Neven is negated by Gayler's failure to pursue those defendants whom the OAG did decline service for. Indeed, Gayler sat on his right to ensure service upon defendants French, Norman, Garcia, and Neven.

Gayler fails to show good cause as to why he failed to serve Neven within the deadline. Accordingly, Neven is dismissed from this matter. FED. R. CIV. P. 4(m).

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that this matter is DISMISSED against defendants French, Norman, Garcia, and Neven(s), without prejudice.

DATED December 20, 2021.

_____
UNITED STATES DISTRICT JUDGE